IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANGELA STEWART, | ) Case No. 3:20-cv-00679 |
| | ) |
| Plaintiff, | ) Judge: Hon. Aleta A. Trauger |
| | ) |
| v. | ) |
| | ) |
| HEALTHCARE REVENUE | ) |
| RECOVERY GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3). Jurisdiction is not disputed.

B. BRIEF THEORIES OF THE PARTIES: [not to be a verbatim recitation of the pleadings]

1) PLAINTIFF:

Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, in connection with the collection of an alleged debt. Plaintiff alleges that Defendant failed to provide her with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff—Defendant's September 23, 2019 voicemail—or in writing within 5 days thereafter, in violation of 15 U.S.C. § 1692g(a). Plaintiff also alleges that on January 25, 2020, she answered one of Defendant's phone calls and demanded that

it stop calling her. However, Defendant placed at least 30 additional calls to Plaintiff's cell phone using an automatic telephone dialing system and delivered at least 10 voicemails using an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

2) DEFENDANT: Defendant asserts that contact was attempted with Plaintiff via the home telephone number provided to by Plaintiff in completing forms in connection with receiving medical treatment. Defendant denies that it uses or has an automatic telephone dialing system by which it contacted Plaintiff and/or left messages using an artificial or prerecorded voice. Finally, Defendant denies that anyone contacted Plaintiff following the date on which she revoked permission for and/or demanded that Defendant cease contact with her.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference [or such other deadline as the court approves].The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before October 12, 2020.

F. DISCOVERY: The parties shall complete all written discovery on or before May 17, 2021 and depose all fact witnesses on or before June 23, 2021. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before <u>January 15, 2021</u>.

H. [**only if applicable**] DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 16, 2021. The defendant shall identify and disclose all expert witnesses and reports on or before May 14, 2021.

I. [**only if applicable**] DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before <u>June 23, 2021</u>.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before <u>March 5, 2021</u>.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before <u>July 23, 2021</u>. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave

of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 2 days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

s/ Paul Guibao
Attorney for Plaintiff


s/ Heather M. Gwinn Pabon
Attorney for Defendant