# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANGELA STEWART, | Case No. 3:20-cv-00679 |
| Plaintiff, | Judge: Hon. Aleta A. Trauger |
| v. | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, | |
| Defendant. | |

## AMENDED AGREED PROTECTIVE ORDER

1. All documents and any other information designated as "CONFIDENTIAL" ("Confidential Information") in the course of this proceeding shall be used solely for purposes of this litigation, including but not limited to preparing for the trial of, the actual trial of, and any appeal of the issues in this proceeding, shall be shown only to Qualified Persons as defined below, and shall not be disclosed or utilized except in accordance with the terms of this Order. A party will only designate information as "CONFIDENTIAL" that, in good faith, it believes contains confidential information. Information or material that is available to the public shall not be designated as "CONFIDENTIAL." A designation of "CONFIDENTIAL" by any party shall have no evidentiary value and shall not be admissible by one party against the other for any purpose.

2. "Qualified Persons" are:

    a. attorneys of the parties and their regular employees to whom such information is shown for purposes of this proceeding;

    b. a party, and officers or employees of a party whom the party in good faith determines has a need to review Confidential Information;

    c. any judicial officer, court reporter, videographer, or mediator whose function is necessary to conduct this litigation;

d. any person who may be a witness in the case, if reasonably necessary to elicit, prepare, or develop oral or written testimony in this case;

e. third parties retained by an attorney for the purposes of discovery in preparation for the trial of, or for testimony in the actual trial of, this proceeding (such as experts or consultants); and

f. any other person who is designated a Qualified Person by Order of this Court or agreement of the parties.

3. Documents may be designated as Confidential Information at the time of production, or at such later time as it becomes apparent that confidential information is included therein. Additionally, information disclosed at the deposition of a party or other witness may be designated as Confidential Information by indicating on the record at the deposition that the testimony contains Confidential Information and is subject to the provisions of this Order. A party also may designate information disclosed at deposition as Confidential Information by notifying the opposing attorney-in-charge, in writing, of the specific pages and lines of the transcript that contain Confidential Information within thirty (30) days following the deposition date.

4. Confidential Information shall not be disclosed or made available to persons other than this Court, jury, Qualified Persons, or the party that designated the material as Confidential Information. Any party wishing to file Confidential Information with the Court shall only do so in accordance with Local Rule 5.03.

5. Disclosure beyond the terms of this Order is permitted if the party designating the information as Confidential Information consents to disclosure, or if the Court orders disclosure.

6. The confidentiality provisions of this Order do not apply to documents or information filed with local, state or federal agencies, with foreign governments, that are

considered public records under the laws of the particular jurisdiction, or that are otherwise publicly available.

7. Nothing herein shall in any respect constitute waiver of any attorney-client, work product, or other privilege of any party.

8. The inadvertent or unintentional production of documents containing, or other disclosure of, confidential, sensitive, or proprietary information without being designated as Confidential Information at the time of production or disclosure shall not be a waiver of a party's claim of confidentiality or right to designate the materials as Confidential Information, either as to the specific material discussed or as to related information.

9. At all times, confidential materials produced in this lawsuit, and any copies thereof, will remain in the custody of the parties' attorneys, or attorneys in the Related Litigation or expert consultants retained by attorneys except as provided for in this Order.

10. Within sixty (60) days after the entry of a final judgment or order in this lawsuit, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Order is under an obligation to destroy or return to the producing party all Confidential Information.

11. The provisions of this Order shall continue to be binding at the conclusion of this litigation except that:

    a. there shall be no restriction on documents filed as a matter of public record and/or used as exhibits in open court (unless such exhibits were filed under seal or were sealed); and

    b. any party may seek written permission from the supplying party or an order of the Court to dissolve or modify the Agreed Protective Order.

12. Any party designating a person, witness, or potential witness as a Qualified Person under Paragraph 2(d) and (e) shall provide the individual a copy of this Agreed Protective Order and notify the individual of his or her obligation to comply with this Order.

13. This Agreed Protective Order shall bind the parties as of the date of execution hereof.

14. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees with the designation of information as "CONFIDENTIAL," the parties shall first try to resolve such dispute in good faith on an informal basis, such as through production of redacted copies. If a dispute cannot be resolved by informal means, the objecting party may invoke this Agreed Protective Order by objecting to it in writing to the designating party. If no agreement is reached within three business days of an objection, then the party challenging the designation may file a motion with the Court requesting that the Court order the designation removed. The burden of showing the propriety of the designation shall be on the designating party.

15. To the extent that a copy of any document or information is obtained from an independent, non-confidential source who obtained the document by lawful and legitimate means, such document copy or information is not subject to this Agreed Protective Order.

16. Notwithstanding any other agreement herein, nothing will preclude the disclosure by either party of Confidential Information in response to an order or subpoena issued by any court, state bar, or state or federal agency. In the event that any party is served with a court order or other legal process purporting to require the disclosure of the Confidential Information, such party will notify the other party within forty-eight (48) hours of the service of the order or other

legal process. If an objection to production is made, the party responding to the subpoena will not produce documents until the objection has been determined.

This Agreement is hereby entered into as attested by the respective signatures of counsel for the parties noted below.

_____
HONORABLE JUDGE PRESIDING

**Agreed:**

/s/*Amorette Rinkleib* *(signed w/ express permission by PBW)*
Amorette Rinkleib (*pro hac vice*)
Thompson Consumer Law Group, PC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@thompsonconsumerlaw.com
Attorney for Plaintiff


/s/ *Pamela Bagley Webb*_____
Heather M. Gwinn Pabon
Pamela Bagley Webb
Gordon, Rees, Scully, Mansukhani
3401 Mallory Lane, Suite 120
Franklin, TN 37067
Telephone: (615) 772-9010
Facsimile: (303) 534-5161
pwebb@grsm.com
Attorneys for Defendant