# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANGELA STEWART, | Case No. 3:20-cv-00679 |
| Plaintiff, | Judge: |
| v. | Magistrate Judge: |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, | **FIRST AMENDED COMPLAINT AND TRIAL BY JURY DEMAND** |
| Defendant. | |

## NATURE OF ACTION

1. Plaintiff Angela Stewart ("Plaintiff") brings this action against Defendant Healthcare Revenue Recovery Group, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not

competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)).

6. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

7. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## THE TELEPHONE CONSUMER PROTECTION ACT

8. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

9. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

10. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

12. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-

EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

13. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

## PARTIES

14. Plaintiff is a natural person who at all relevant times resided in the State of Tennessee, County of Sunner, and City of Gallatin.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person allegedly obligated to pay a debt.

19. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were

incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number (ending -2735) in connection with such subscription.

23. At no time did Defendant have Plaintiff's prior express consent to place calls to Plaintiff's wireless number.

24. Upon information and belief, Defendant began placing telephone calls to Plaintiff's wireless number in or before March 2019.

25. Since March 2019, Defendant has left Plaintiff no less than 18 voicemails using an artificial or prerecorded voice.

26. Defendant placed each call to Plaintiff's wireless number in connection with the collection of the Debt.

27. Plaintiff does not owe the Debt.

28. Plaintiff has not received any written correspondence from Defendant alleging that she owes the Debt.

29. On or about September 23, 2019, in connection with the collection of the Debt, Defendant telephoned Plaintiff and left the following voicemail message using an artificial or prerecorded voice:

HRRG calling. Please return our call at 1-800-984-9115. HRRG is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please do not erase this message until you have returned our call at 1-800-984-9115. Visit us at hrrgcollections.com.

30. Alternatively, Defendant's September 23, 2019 voicemail was its initial communication to Plaintiff with respect to the Debt.

31. Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a) in an initial communication or in writing within five days thereafter.

32. On or about January 25, 2020, Plaintiff answered one of Defendant's phone calls.

33. During the January 25, 2020 phone call, Defendant demanded that Plaintiff pay the Debt.

34. Plaintiff advised Defendant that she did not believe she owed the Debt and demanded that it stop calling her.

35. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was orally revoked no later than January 25, 2020.

36. Despite Plaintiff's demand, Defendant has since placed no less than 30 calls to Plaintiff's wireless number.

37. During at least 10 of these calls, Defendant delivered a voicemail message to Plaintiff's wireless number using an artificial or prerecorded voice.

38. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

39. Upon answering Defendant's calls, Plaintiff was required to dial "1" before speaking with a live representative.

40. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

41. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

42. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

43. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system, and/or an artificial or prerecorded voice, to place each of the calls identified above.

44. Upon information and belief, Defendant intended to use an automatic telephone dialing system, and/or an artificial or prerecorded voice, to place each of the calls identified above.

45. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)

46. Plaintiff repeats and re-alleges each factual allegation above.

47. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

48. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

49. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

50. "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the

date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

51. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

52. Plaintiff repeats and re-alleges each factual allegation above.

53. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15

U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

54. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

55. Defendant violated 15 U.S.C. § 1692e(2)(A) by communicating with Plaintiff to collect a debt that Plaintiff does not owe, including by leaving Plaintiff voicemail messages that falsely representing that Plaintiff owes the alleged Debt..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

56. Plaintiff repeats and re-alleges each factual allegation above.

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

58. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice.

59. Defendant's violations were willful and/or knowing in that Defendant placed calls to Plaintiff's wireless number using an automatic telephone dialing system, and/or an artificial or prerecorded voice after Plaintiff told Defendant to stop calling her.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Finding that Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

60. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 12, 2021.

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson (*pro hac vice*)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

s/ Amorette Rinkleib
Amorette Rinkleib (*pro hac vice*)
Thompson Consumer Law Group, PC
Attorney for Plaintiff
5235 E. Southern Ave D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com
Attorneys for Plaintiffs