# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANGELA STEWART, | ) Case No. 3:20-cv-00679 |
| | ) |
| Plaintiff, | ) Judge: Hon. Aleta A. Trauger |
| | ) |
| v. | ) **SECOND AMENDED** |
| | ) **COMPLAINT AND TRIAL BY** |
| HEALTHCARE REVENUE RECOVERY | ) **JURY DEMAND** |
| GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1.     Plaintiff Angela Stewart ("Plaintiff") brings this action against Defendant Healthcare Revenue Recovery Group, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

4.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.    In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

6.    "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

7.    "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## THE TELEPHONE CONSUMER PROTECTION ACT

8.    Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

9.    In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id*. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

10.     The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages.  Damages are calculated by the greater of actual damages or $500 for each violation of the statute.  47 U.S.C. § 227(b)(3)(B).

12.     Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

13.     "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."  47 U.S.C. § 227(b)(3)(C).

## PARTIES

14.     Plaintiff is a natural person who at all relevant times resided in the State of Tennessee, County of Sunner, and City of Gallatin.

15.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18.     Plaintiff is a natural person allegedly obligated to pay a debt for two different accounts (the "First Account"; the "Second Account"; and collectively the "Debt").

19.     The Debt arises from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—namely, personal medical services.

20.     Plaintiff did not receive the medical services resulting in the First Account—i.e., she was not the patient.

21.     Upon information and belief, the First Account was paid in full by the patient's insurance.

22.     Plaintiff did not receive the medical services resulting in the Second Account—i.e., she was not the patient.

23.     Upon information and belief, the Second Account was paid in full by the patient's insurance.

24.     Plaintiff does not owe the First Account.

25.     Plaintiff does not owe the Second Account.

26.     Plaintiff does not owe the Debt.

27.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

28.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

29.     On April 22, 2019, the creditor assigned the First Account to Defendant for collection.

30.     On June 17, 2019, the creditor assigned the Second Account to Defendant for collection.

31.     Defendant did not verify the information provided by its client regarding the Debt.

32.     Instead, Defendant simply assumed the information provided by the creditor was valid.

33.     Defendant's belief that Plaintiff owed the Debt was based solely on the creditor's representations.

34.     But at all relevant times, Defendant knew that Plaintiff was not the patient who received the medical services.

35.     Defendant uses a third-party letter vendor, Nordis, for every letter it sends.

36.     When an account is assigned to Defendant for collection, a request is automatically sent to Nordis to print and send the initial collection letter to the consumer.

37.     In order for Nordis to send a letter to a consumer, Defendant provides Nordis with the necessary information to populate the letter.

38.     Such information includes the consumer's name, the consumer's address, the creditor, and the account balance.

39.     Defendant used Nordis to send Plaintiff each of the letters at issue in this action.

40.     Defendant provided Nordis with the necessary information to populate the letters at issue in this action.

41.     Defendant provided Nordis with Plaintiff's name, her address, her creditor, and the balance of her debt.

42.     On behalf of Defendant, Nordis sent Plaintiff written correspondence on the First Account dated April 23, 2019.

43.     A true and correct copy of Defendant's April 23, 2019 letter is attached as Exhibit A.

44.     Defendant's April 23, 2019 letter identified the First Account through reference number 43563296. Exhibit A.

45.     On behalf of Defendant, Nordis then sent Plaintiff written correspondence on the First Account dated May 30, 2019.

46.     A true and correct copy of Defendant's May 30, 2019 letter is attached as Exhibit B.

47.     Defendant's May 30, 2019 letter again identified the First Account through reference number 43563296. Exhibit B.

48.     On behalf of Defendant, Nordis then sent Plaintiff written correspondence on the Second Account dated June 18, 2019.

49.     A true and correct copy of Defendant's June 18, 2019 letter is attached as Exhibit C.

50.     This June 18, 2019 letter provided a different reference number for the Second Account. Exhibit C (showing reference number 44448083).

51.     On behalf of Defendant, Nordis subsequently sent Plaintiff additional written correspondence dated November 20, 2019.

52.     A true and correct copy of Defendant's November 20, 2019 letter is attached as Exhibit D.

53.     With respect to Nordis's sending of each of the above letters, Defendant communicated with Nordis in connection with the collection of the Debt.

54.     Plaintiff did not give prior Defendant consent to communicate with Nordis in connection with the collection of the First Account.

55.     Defendant did not have the express permission of a court of competent jurisdiction to communicate with Nordis in connection with the collection of the First Account.

56.     Defendant's communications with Nordis in connection with the collection of the First Account were not reasonably necessary to effectuate a postjudgment judicial remedy.

57.     Defendant's communications with Nordis in connection with the collection of the First Account were not for the purpose of acquiring location information about Plaintiff.

58.     Plaintiff did not give prior Defendant consent to communicate with Nordis in connection with the collection of the Second Account.

59.     Defendant did not have the express permission of a court of competent jurisdiction to communicate with Nordis in connection with the collection of the Second Account.

60.     Defendant's communications with Nordis in connection with the collection of the Second Account were not reasonably necessary to effectuate a postjudgment judicial remedy.

61.     Defendant's communications with Nordis in connection with the collection of the Second Account were not for the purpose of acquiring location information about Plaintiff.

62. As a standard practice, when Defendant combines accounts, subsequent letters omit the individual reference numbers for each additional account.

63. As a result, a consumer that receives a letter from Defendant that includes combined accounts is left to guess what individual accounts have been combined.

64. As a result, the consumer is less able to identify the debts at issue, assess their propriety, and intelligently choose how to respond to the alleged debt.

65. Defendant's November 20, 2019 letter combined the First Account and the Second Account under the First Account's reference number—the only reference number identified in the letter. *See* Exhibit D.

66. Thus, Defendant's November letter conveys that a second alleged obligation has been added to reference number 43563296 with no clarification that it combined the First Account and the Second Account. *Compare* Exhibit A and Exhibit B, *with* Exhibit D.

67. Upon receipt of Defendant's November 20, 2019 letter, Plaintiff—or the least sophisticated consumer—would not understand that Defendant combined the First Account and Second Account.

68. Instead, Plaintiff—or the least sophisticated consumer—would believe she owes $1,982 on the First Account as well as $960 on the Second Account.

69. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number (ending -2735) in connection with such subscription.

70. Plaintiff has never directly provided Defendant with consent to call her cellular telephone number.

71. At no time did Defendant have Plaintiff's prior express consent to place calls to Plaintiff's cellular telephone number.

72.     Plaintiff has never expressly told Defendant it could contact her using an automatic telephone dialing system.

73.     Plaintiff has never expressly told Defendant it could contact her using an artificial or prerecorded voice.

74.     Defendant does not know how the creditor obtained Plaintiff's wireless number.

75.     Defendant does not know when the creditor obtained Plaintiff's wireless number.

76.     Upon information and belief, Defendant began placing telephone calls to Plaintiff's wireless number in or before March 2019.

77.     Defendant used a dialer program to place these calls to Plaintiff.

78.     When Defendant makes an outbound call and the dialer detects an answering machine, the dialer leaves a prerecorded message.

79.     Since March 2019, Defendant has called Plaintiff's wireless number and left a voicemail using an artificial or prerecorded voice no less than 62 times.

80.     Defendant placed each call to Plaintiff's wireless number in connection with the collection of the Debt.

81.     Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

82.     Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

83.     Defendant had knowledge that it was using an artificial or prerecorded voice to place calls and leave voicemail messages during each of the calls identified above.

84.     Defendant intended to use an artificial or prerecorded voice when calling Plaintiff and delivering each of the voicemail messages identified above.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(b)

85.  Plaintiff repeats and re-alleges each factual allegation above.

86.  Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

87.  Plaintiff repeats and re-alleges each factual allegation above.

88.  The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative

history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

89.     "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

90.     Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

91.     Plaintiff repeats and re-alleges each factual allegation above.

92.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

93.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)

94.     Plaintiff repeats and re-alleges each factual allegation above.

95.     Included as an example of conduct that violates section 1692e is the "threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

96.     "Parties often knowingly make threats of illegal action, hoping that the threat will intimidate the opposing party, who may not take comfort from the prospect of years of expensive and uncertain litigation to vindicate her rights. Such threats can have real effects. The FDCPA in general, and § 1692e(5) in particular, are aimed directly at such tactics in the context of collecting consumer debts, where power and resources are often, let us say, asymmetrical." *Captain v. ARS Nat. Servs., Inc.*, 636 F. Supp. 2d 791, 796 (S.D. Ind. 2009).

97.     "To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to *threatening* to act where it has no legal authority, would defy the very purposes of the section, one of which is to prevent 'use of ... false ... means in connection with the collection of any debt.'" *Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998) (emphasis in original) (quoting 15 U.S.C. § 1692e).

98.     Defendant violated 15 U.S.C. § 1692e(5) by placing telephone calls to Plaintiff's wireless number and leaving voicemail messages using an artificial or prerecorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

99.     Plaintiff repeats and re-alleges each factual allegation above.

100.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice.

101. Defendant's violations were willful and/or knowing in that Defendant placed calls to Plaintiff's wireless number using an automatic telephone dialing system, and/or an artificial or prerecorded voice after Plaintiff told Defendant to stop calling her.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Finding that Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

102. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 28, 2021.

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson (*pro hac vice*)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste 2 #492
Scottsdale, AZ 85259
Telephone: (888) 332-7252

Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

# EXHIBIT "A"



**HRRG**

MAIL RETURN ONLY
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

## 800-984-9115

en Español 800-398-3975

April 23, 2019

Office Hours:
Monday through Friday
8:00AM to 11:00PM EST/EDT



HRRG ▲ 0 1 4 5 4 3   |||| ||||||||||||||||||||||||||||||||||||||||||||
ANGELA STEWART
2493 FRANKLIN RD
SCOTTSVILLE KY 42164-8833

Re: 43563296 Validation Notification
hrrgcollections.com
PIN# 1.43563296.517

Dear Angela Stewart:

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC; a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂                                              ✂

| Reference #: 43563296 | Total Balance: $1014.00 | | Amount Enclosed $ | |
|---|---|---|---|---|
| Creditor<br>SE EMER PHYS | Account #<br>0224612126-74440550 | Regarding | Amt Owed<br>1014.00 | ServDate<br>10/27/18 |

PO BOX 5406
CINCINNATI OH 45273-7942
|||||||||||||||||||||||||||||||||||||||||||||||

1 043563296 000101400 0224612126 9 9

H1

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard,VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

**INSURANCE INFORMATION**

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

---

Please Check Appropriate Box

**CREDIT CARD PAYMENT**   ☐ 🔲  ☐ VISA  ☐ 🔲  ☐ DISCOVER

CARD NUMBER

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXP. DATE                                          PAYMENT AMOUNT

SIGNATURE                                          PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT

# EXHIBIT "B"



MAIL RETURN ONLY
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

## 800-984-9115

en Español 800-398-3975

May 30, 2019

Office Hours:
Monday through Friday
8:00AM to 11:00PM EST/EDT



HRRG ▲ 0 1 8 5 5 2 |||·|·||·|·|||·|·||||·|||||·|·||||·||·|||·||·||||·||·||·|||||·|||

ANGELA STEWART
2493 FRANKLIN RD
SCOTTSVILLE KY 42164-8833

Re: 43563296 Settlement Offer
hrrgcollections.com
PIN# 1.43563296.517

Dear Angela Stewart:

### AN OFFER FOR YOU

Our client has authorized us to offer you a settlement option in an effort to assist you in resolving your account balance. This offer is valid for 10 days from the date of this letter. If you need additional time to respond to this offer, or need to make other arrangements, please contact us. We are not obligated to renew this offer.

Settle your balance of $1014.00 by making a one-time payment of $608.40 within 10 days of the date of this letter.

To make your payment, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below. To pay using our automated IVR accessible 24 hours a day, call 855-PAY-HRRG (855-729-4774), or visit our website at hrrgcollections.com. Both options require the PIN# and the RE: # listed above along with the last four digits of your social security number.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. (NOTICE: SEE REVERSE FOR IMPORTANT INFORMATION).

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂                                                    ✂

Reference #: 43563296          Total Balance: $1014.00          Amount Enclosed $_____

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|----------|-----------|-----------|----------|----------|
| SE EMER PHYS | 0224612126-74440550 | | 1014.00 | 10/27/18 |

PO BOX 5406
CINCINNATI OH 45273-7942
|·|·||·|·|||·|·||·|·||·|||·|·|||·||·|·||·|||·|·||·|·|·||·||·|·||·|·||

1 043563296 000101400 0224612126 9 9

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

| Please Check Appropriate Box |
| --- |

**CREDIT CARD PAYMENT**   ☐ MasterCard  ☐ VISA  ☐ 🔵 ☐ DISCOVER

CARD NUMBER

☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

EXP. DATE                                    PAYMENT AMOUNT

☐☐☐☐                         ☐☐☐☐.☐☐

SIGNATURE                                   PHONE NUMBER

☐☐☐-☐☐☐-☐☐☐☐

NAME AS IT APPEARS ON CARD - PLEASE PRINT

# EXHIBIT "C"


**HRRG**

MAIL RETURN ONLY
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

**800-984-9115**

en Español 800-398-3975

June 18, 2019

Office Hours:
Monday through Friday
8:00AM to 11:00PM EST/EDT

HRRG ▲ 0 1 6 9 1 8  |||||||||||||||||||||||||||||||||||||||||||||||

ANGELA STEWART
2493 FRANKLIN RD
SCOTTSVILLE KY 42164-8833

Re: 44448083 Validation Notification
hrrgcollections.com
PIN# 1.44448083.514

Dear Angela Stewart:

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC; a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂                                              ✂

Reference #: 44448083        Total Balance: $968.00        Amount Enclosed $_____

| Creditor | Account # | Regarding | | Amt Owed | ServDate |
|----------|-----------|-----------|---|----------|----------|
| SE EMER PHYS | 0227334683-74440550 | | | 968.00 | 12/04/18 |

PO BOX 5406
CINCINNATI OH 45273-7942
|||||||||||||||||||||||||||||||||||||||||||

1 044448083 000096800 0227334683 9 7

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

### CREDIT CARD PAYMENT

Please Check Appropriate Box

☐ MasterCard ☐ VISA ☐ ☐ DISCOVER

CARD NUMBER

EXP. DATE | PAYMENT AMOUNT

SIGNATURE | PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT

# EXHIBIT "D"



MAIL RETURN ONLY
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

## 800-984-9115

en Español 800-398-3975

November 20, 2019

Office Hours:
Monday through Friday
8:00AM to 11:00PM EST/EDT

HRRG ▲ 003077 |||||||||||||||||||||||||||||||||||||||||||||||||||||

ANGELA STEWART
PO BOX 1324
GALLATIN TN 37066-1324

Re: 43563296 Final Notice
hrrgcollections.com
PIN# 1.43563296.517

Dear Angela Stewart:

Some time ago, the health care provider(s) listed below, hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance shown below. Despite our collection efforts, all or at least part of your balance remains outstanding. As such, we are writing to advise you that we are evaluating this account for closure to our client who will evaluate the account for placement with another collection agency; or for transfer to ARS Account Resolution Services (ARS), a division of HRRG.

HRRG has not reported this account to any credit bureaus. However, you should be aware that if the account is transferred to ARS, ARS may choose to report this account as a delinquent debt to the major credit bureaus. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION).

We want to work with you to resolve this matter. Please call us toll free at 800-984-9115 to discuss payment on this account.

Best regards from,

Healthcare Revenue Recovery Group, LLC

HRRG is licensed by the Collection Services Board of the Department of Commerce and Insurance.

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂                                                    ✂

Reference #: 43563296          Total Balance: $1982.00          Amount Enclosed $_____

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|----------|-----------|-----------|----------|----------|
| SE EMER PHYS | 0224612126-74440550 | | 1014.00 | 10/27/18 |
| SE EMER PHYS | 0227334683-74440550 | | 968.00 | 12/04/18 |

PO BOX 5406
CINCINNATI OH 45273-7942
|||||||||||||||||||||||||||||||||||||||||||||||||||||

1 043563296 000198200 0224612126 9 7

This is an attempt to collect a debt from a debt collection agency.
Any information obtained will be used for that purpose.

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

---

Please Check Appropriate Box

**CREDIT CARD PAYMENT**  ☐ MasterCard  ☐ VISA  ☐ ⬛  ☐ DISCOVER

CARD NUMBER

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXP. DATE                    PAYMENT AMOUNT

SIGNATURE                    PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT