# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANGELA STEWART, | ) | Case No. 3:20-cv-00679 |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Aleta A. Trauger |
| | ) | |
| v. | ) | **DECLARATION OF RUSSELL S.** |
| | ) | **THOMPSON, IV** |
| HEALTHCARE REVENUE RECOVERY | ) | |
| GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I, Russell S. Thompson IV, hereby declare the following:

1. I am one of the attorneys representing Plaintiff Angela Stewart ("Plaintiff") in this matter for her claims against Defendant Healthcare Revenue Recovery Group, LLC ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA").

2. I have knowledge of the facts of this case and I submit this declaration based on my personal knowledge thereof.

3. On March 31, 2021, Plaintiff deposed Defendant's representative, Karl Hillard, pursuant to Fed. R. Civ. P. 30(b)(6).

4. On the eve of Mr. Hilliard's deposition, Defendant produced supplemental discovery.

5. Defendant's March 30, 2021 supplemental discovery revealed, for the first time, that Defendant was seeking to collect from two different alleged accounts from Plaintiff.

6. Further, Plaintiff learned for the first time that the accounts were the result of medical services being rendered to a member of Plaintiff's family and not Plaintiff herself.

7. On April 6, 2021, I received correspondence from counsel for Defendant designating the deposition testimony as confidential until Defendant had the opportunity to specify pages and lines containing confidential information, including any revisions on an errata sheet.

8. On May 6, 2021, my office received a copy of the initial transcript of Defendant's deposition.

9. After not receiving any notice of specified confidential designations or errata, my office contacted the court reporter to inquire as to the same.

10. On June 8, 2021, the court reporter advised that a read and sign document was emailed to counsel for Defendant on April 28, 2021 and that no changes were received—i.e., made no changes via an errata and did not designate any information as confidential.

11. On June 10, 2021, I forwarded a copy of Plaintiff's proposed amended complaint to counsel for Defendant, Pamela Webb, requesting whether Defendant opposed Plaintiff's motion for leave to file a second amended complaint.

12. On June 18, 2021, I spoke with Ms. Webb via telephone wherein she confirmed Defendant opposes Plaintiff's motion for leave to file a second amended complaint.

13. During the June 18, 2021 telephone conversation, Ms. Webb also advised that Defendant would produce supplemental discovery responses as soon as possible. Ms. Webb also advised that Defendant's supplemental discovery might influence Plaintiff's proposed amendment. Accordingly, I advised that Plaintiff would await until receiving Defendant's supplemental discovery to potentially avoid needlessly seeking for leave.

14. On June 24, 2021, Defendant served its supplemental discovery. However, Defendant's supplemental discovery included numerous redactions. That same day, I requested

Defendant produce unredacted copies. In response, Ms. Webb advised she would request unredacted copies from Defendant.

15. Plaintiff now seeks leave to file a second amended complaint based on information obtained from the deposition of Mr. Hilliard and Defendant's written discovery.

16. I certify and declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2021.                    Respectfully submitted,

<span style="text-align:right">s/ Russell S. Thompson, IV<br>Russell S. Thompson, IV</span>