# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANGELA STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00679 |
| ) | Judge Aleta A. Trauger |
| HEALTHCARE REVENUE ) | |
| RECOVERY GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

Before the court is the plaintiff's Motion for Leave to File Second Amended Complaint ("Motion for Leave") (Doc. No. 55). For the reasons set forth herein, the motion will be granted.

## I.  PROCEDURAL BACKGROUND

Plaintiff Angela Stewart initiated this action on August 6, 2020 by filing her original Complaint asserting claims against defendant Healthcare Revenue Recovery Group, LLC ("HRRG") under the Fair Debt Collections Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA") (Doc. No. 1). She moved for leave to file her First Amended Complaint ("FAC") on February 12, 2021, the prior deadline for seeking leave to amend pleadings. The motion was granted as unopposed, and the FAC was filed on March 5, 2021. (Doc. No. 42.)

The defendant filed its Answer on March 23, 2021 and Amended Answer on March 30, 2021. (Doc. Nos. 48, 50.) On the same day, the plaintiff received supplemental discovery from the defendant that revealed, for the first time, that the defendant was seeking to collect debts from the plaintiff related to two different alleged accounts. (Doc. No. 55-2 ¶ 5.) The plaintiff allegedly learned for the first time from this discovery that the accounts on which the defendants pursued

collection were for "medical services being rendered to a member of Plaintiff's family and not Plaintiff herself." (*Id.* ¶ 6.) On March 31, 2021, the plaintiff deposed HRRG's Rule 30(b)(6) representative, Karl Hillard. (*Id.* ¶ 3.) During the deposition, the plaintiff discovered the existence of additional information and materials responsive to her written discovery requests and asked the defendant to supplement its document production. (*See* Doc. No. 51 ¶ 7.) Thereafter, the parties sought and were granted leave to extend the written discovery deadline to July 16, 2021. (Doc. Nos. 51, 53.)

Meanwhile, counsel for the plaintiff received a copy of the 30(b)(6) witness's initial deposition transcript on May 6, 2021. (*Id.* ¶ 8.) On June 8, 2021, the court reporter advised plaintiff's counsel that the witness had not designated any changes to be made or designated any specific portions of the transcript as confidential. (*Id.* ¶ 10.)

Counsel for the plaintiff forwarded a copy of the proposed Second Amended Complaint to counsel for the defendant on June 10, 2021, to ask whether the defendant would oppose the plaintiff's request for leave to file the Second Amended Complaint. (*Id.* ¶ 11.) On June 18, defense counsel advised that they did oppose such leave and also notified the plaintiff that the defendant would produce additional supplemental discovery responses that might influence the proposed amendment. (*Id.* ¶ 13.) The plaintiff filed the present Motion for Leave to File Second Amended Complaint shortly after receiving the defendant's supplemental discovery, based on information received in Mr. Hillard's deposition and the defendant's written discovery. (*Id.* ¶¶ 14–15.)

The First Amended Complaint alleged, as a factual matter, that, without express permission to place calls to the plaintiff's mobile telephone number, the defendant began placing calls to that number in March 2019 in connection with the attempt to collect a debt. After that date, the defendant left no fewer than eighteen voicemails using an artificial or prerecorded voice. The

plaintiff alleged that the defendant had not provided written notices required by 15 U.S.C. § 1692g(a) and that it continued calling the plaintiff's mobile telephone number even after she expressly revoked permission to call that number. Based on these and other allegations, the plaintiff articulated three "counts" in the FAC: (1) a claim that the defendant had violated 15 U.S.C. § 1692g(a) of the FDCPA by filing to provide written notice about the debt it sought to collect and failing to notify the plaintiff of certain statutory rights within five days of its initial communication with the plaintiff; (2) a claim that the defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by "leaving Plaintiff voicemail messages that falsely represent[ed] that Plaintiff owes the alleged Debt" (FAC ¶ 55); and (3) a claim that the defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA by placing telephone calls to the plaintiff's mobile telephone number using an artificial or pre-recorded voice.

The plaintiff includes a substantial number of new factual allegations in the proposed Second Amended Complaint ("SAC"), including that" the defendant seeks to collect from plaintiff a debt related to two separate accounts; the plaintiff herself did not receive the medical services associated with either of the two accounts; both accounts were paid in full by the actual patient's insurance; after the alleged debt was assigned by the creditor to the defendant, the defendant did not verify the information provided by its client and instead simply assumed that the information was valid; without the plaintiff's permission, the defendant communicated with a third-party letter vendor about the alleged debt for the purpose of having the vendor send written correspondence about the debt to the plaintiff; the defendant's communications with the plaintiff were confusing and would not clearly convey to the least sophisticated consumer the amount of the debt she allegedly owes; the plaintiff never expressly told the defendant it could contact her on her mobile telephone number using an automatic dialing system or an artificial or pre-recorded voice; and the

defendant used an automatic dialer and left a voicemail using an artificial or pre-recorded voice no fewer than sixty-two times. (SAC ¶¶ 18, 20–26, 29–68, 72–75, 77–79.)

The SAC also differs from the FAC in that it omits what was previously Count I, which asserted a claim for violation 15 U.S.C. § 1692g(a). It adds a new claim under 15 U.S.C. § 1692c(b) for "communicating with a third part other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy" (Count I). It asserts three separate "counts" for violation of 15 U.S.C. § 1692e, including (1) a broad claim that the defendant violated § 1692e by "using false, deceptive, or misleading representation or means in connection with the collection of the Debt" (Count II); (2) a claim that the defendant violated § 1692e(2)(A) by "falsely representing the character, amount, or legal status of the Debt" (Count III); and (3) a claim that the defendant violated § 1692e(5) by "placing telephone calls to Plaintiff's wireless number and leaving voicemail messages using an artificial or prerecorded voice" (FAC ¶ 98) (Count IV). Count V of the SAC is the same as Count III of the FAC.

The plaintiff argues that she should be granted leave to amend her pleading a second time, because (1) she has shown good cause, namely that she has at all time acted diligently and now seeks to amend based on new legal developments—namely, the issuance of a decision from the Eleventh Circuit in April 2021, finding that a debt collector's transmittal of a consumer's personal information to a dunning vendor constitutes a communication "in connection with the collection of any debt" within the meaning of § 1692c(b)—and new information that was not in her possession at the time of the prior deadline to amend pleadings; (2) she has not engaged in undue delay or acted in bad faith or with a dilatory motive; and (3) the defendant will not be unduly prejudiced by the proposed amendment.

In its opposition to the Motion for Leave (Doc. No. 57), the defendant places new evidence in the record that, it claims, shows that the plaintiff did give the creditor permission to communicate with her by calling and sending text messages to her mobile phone number. It argues that the plaintiff has been in possession of the relevant facts since the date her daughter received the medical treatment that is the subject of the defendant's debt-collection activities, as a result of which the proposed amendment is "futile" and has been "unduly delayed." The defendant also contends that, because the proposed amendment "has no basis in fact," it is arguably "made in bad faith and for a [dilatory] motive." (Doc. No. 57, at 2.) The defendant also asserts that the Eleventh Circuit case on which the plaintiff seeks to rely has no application within the Sixth Circuit and that the defendant would be prejudiced by the late amendment because, at the very least, it would be called upon to depose the plaintiff a second time to inquire about the basis for the new claims.

The plaintiff filed a Reply (Doc. No. 58), generally contesting each of the defendant's arguments.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(1) provides that a party can amend its pleading once "as a matter of course" under limited circumstances. Rule 15(a)(2) applies "[i]n all other cases," and it provides that a party may amend "only with the opposing party's written consent or the court's leave." Such leave should be freely given "when justice so requires." *Id.* Rule 15(a)(2) "embodies a 'liberal amendment policy.'" *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (citation omitted).

To determine whether to grant leave under this liberal policy, courts weigh several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59

(6th Cir. 2001) (citation omitted). Generally, futility provides an independent basis for dismissal when any claims sought to be added "could not survive a motion to dismiss." *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). The Sixth Circuit has made it clear that "[t]he test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Thus, the court should not consider matters outside the pleadings in considering a defendant's futility argument. *Id.*

**III. DISCUSSION**

The defendant has presented matters outside the pleadings and argues, based on that documentation, that the plaintiff's proposed new claims (and, in addition, one of the previously asserted claims) would be futile. The court declines to review the documents submitted by the defendant and finds that the defendant has not properly argued that the plaintiff's new claims would be subject to dismissal under the Rule 12(b)(6) standard. It has not shown that the proposed claims would be futile or that the proposed amendment is made in bad faith.

Nor has the defendant established that the plaintiff has been dilatory or engaged in undue delay or that the defendant would be unduly prejudiced by the proposed amendment. In that regard, the defendant has effectively conceded that the proposed amendment is premised upon evidence uncovered in discovery conducted after expiration of the original deadline for seeking permission to amend pleadings. The court takes notice that the parties filed a Joint Motion to Extend Discovery and Dispositive Motion Deadline on April 29, 2021, in which they expressly stated that, "[d]uring Defendant's March 31, 2021 deposition, Plaintiff discovered the existence of additional information and materials responsive to her written discovery requests," which resulted in the defendant's being required to supplement its discovery responses. (Doc. No. 51 ¶¶ 7–10.) The court granted the Joint Motion, extending the deadline for completing depositions to August 22,


2021 and the dispositive motion deadline to September 21, 2021. (*See* Doc. No. 55 (granting Doc. No. 51).) The defendant has known about the proposed amendment since June 10, 2021. The defendant has not identified additional information that might be within the plaintiff's possession regarding which it would need to depose her but, even assuming that reopening her deposition is required, the defendant will have time to do so within the deadline for completing depositions.

Under the "liberal amendment policy" embodied by Rule 15, *Brown*, 814 F.3d at 442, the court finds that justice requires that the plaintiff's Motion for Leave be granted.

**IV. CONCLUSION AND ORDER**

For the reasons set forth herein, the plaintiff's Motion for Leave (Doc. No. 55) is **GRANTED**, and the Clerk is **DIRECTED** to docket separately the plaintiff's proposed Second Amended Complaint (Doc. No. 55-1) as the Second Amended Complaint.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge